UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:24-cr-440 CEH-CPT

CHRISTINA LYNN MORRIS

18 U.S.C. § 1343
(Wire Fraud)

## INFORMATION

The United States Attorney charges:

### COUNT ONE

**A.  Introduction**

OCT 2 2024 PM 4:13
FILED - USDC - FLMD - TPA

At all times material to this Information:

1. CHRISTINA LYNN MORRIS was a resident of Tampa, Florida.

2. "The University" was a public research university with multiple campuses in the Middle District of Florida. MORRIS was employed by the University as a Fiscal and Business Analyst. The University Procurement Card, also known as a "PCard," was a credit card issued to University employees, including MORRIS, intended for use on business expenses.

3. "The Association," a tax-exempt entity under Section 501(c)(3) of the Internal Revenue Code, was a charitable organization based in the Middle District of Florida. MORRIS served as President for the Association. The Association maintained business accounts at financial institutions, the funds of which were intended for business expenses. As President of the Association, MORRIS had

1

access to these business accounts.

4. MORRIS used her position as Fiscal and Business Analyst with the University and as President for the Association to perpetrate a fraud scheme for her personal enrichment.

### B. The Scheme and Artifice

5. From in or around July 2021, through in or around July 2023, in the Middle District of Florida and elsewhere, the defendant,

CHRISTINA LYNN MORRIS,

did knowingly and intentionally devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme and Artifice

6. The manner and means by which MORRIS sought to accomplish the scheme and artifice included, among others, the following:

    a. It was part of the scheme and artifice that MORRIS would and did obtain a PCard issued to her by the University, as well as the credit card numbers, expiration dates, and card verification values of PCards issued by the University to other victim-employees.

    b. It was further part of the scheme and artifice that MORRIS would and did gain access to business accounts the Association maintained at financial institutions.

c. It was further part of the scheme and artifice that MORRIS would and did open multiple accounts with "the E-Commerce Company."

d. It was further part of the scheme and artifice that MORRIS would and did use her PCard, PCards the University issued to other victim-employees, and business accounts the Association maintained at financial institutions to conduct unapproved, non-business transactions at various companies, including the E-Commerce Company.

e. It was further part of the scheme and artifice that MORRIS would and did use the Association's tax-exempt status to avoid paying sales tax for certain unapproved, non-business items purchased via the E-Commerce Company.

f. It was further part of the scheme and artifice that MORRIS would and did create and submit falsified documents and make false attestations to University personnel in an attempt to make the unapproved, non-business transactions appear legitimate and prevent the fraud scheme from being discovered.

g. It was further part of the scheme and artifice that MORRIS would and did withhold information from Association personnel to prevent the fraud scheme from being discovered.

h. It was further part of the scheme and artifice that MORRIS would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, and hidden, acts performed in furtherance of the scheme.

3

### D. Execution of the Scheme and Artifice

7. On or about the date listed below in each count, in the Middle District of Florida and elsewhere, the defendant,

CHRISTINA LYNN MORRIS,

knowingly and intentionally executed the aforesaid scheme and artifice, by transmitting and causing to be transmitted by means of wire and radio communications in interstate and foreign commerce, a writing, sign, signal, picture, and sound, as detailed below:

| COUNT | DATE | NATURE OF WIRE |
|---|---|---|
| ONE | July 13, 2022 | MORRIS caused to be transmitted, via interstate wire, $2,755.65 in PCard funds for the unapproved, non-business bulk purchase of gift cards via the E-Commerce Company |
| TWO | June 6, 2023 | MORRIS caused to be transmitted, via interstate wire, $3,148.80 in PCard funds for unapproved, non-business the bulk purchase of gift cards via the E-Commerce Company |
| THREE | June 7, 2023 | MORRIS caused to be transmitted, via interstate wire, $3,156.70 in PCard funds for the unapproved, non-business bulk purchase of gift cards via the E-Commerce Company |

In violation of 18 U.S.C. § 1343.

# FORFEITURE

1. The allegations contained in Counts One, Two, and Three of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of at least $303,649.33, which represents the proceeds the defendant obtained from the offenses.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: *(signature)*

Carlton C. Gammons
Assistant United States Attorney
Chief, Economic Crimes Section

By: *(signature)*

Christopher F. Murray
Assistant United States Attorney
Criminal Chief, South